IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA L. AMB,

        Plaintiff,

        v.

WINCO FOODS, INC.,

        Defendant.

No. CV 06-26-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Sandra L. Amb brings this suit against defendant WinCo Foods, Inc. ("WinCo"), alleging (1) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and Or. Rev. Stat. § 659A.030(1)(a); (2) retaliation under Or. Rev. Stat. § 659A.030(1)(f); and (3) wrongful termination under the common law.

    Pending before the court is WinCo's motion for summary judgment (#24) on each of Ms. Amb's claims. For the reasons explained below, WinCo's motion is DENIED IN PART and GRANTED IN PART. The motion is DENIED as to Ms. Amb's age discrimination claims and is GRANTED as to Ms. Amb's retaliation and wrongful termination claims.

PAGE 1 - OPINION AND ORDER

II.     BACKGROUND

Since 1998, Ms. Amb has worked for WinCo at different locations and in various positions, including pizza department clerk, cashier, and bakery department manager. On May 5, 2003, Ms. Amb left her position as a bakery department manager and began working as a quality assurance clerk ("QAC") at WinCo's Clackamas, Oregon store. As a QAC, Ms. Amb determined whether price reductions were feasible to ensure the sale of products with approaching expiration dates.

In 2004, Ms. Amb was suspended after becoming hostile and sarcastic with a WinCo cashier while attempting to tender a check. Ms. Amb challenged her suspension by filing an internal grievance and requesting a hearing with the grievance committee. In her initial grievance, Ms. Amb did not mention age discrimination, retaliation, or future vesting rights. The grievance committee upheld the suspension, and Ms. Amb appealed that decision. She requested the appeal because she did not want people to think she was a hostile person. Throughout the appeal process, Ms. Amb did not reference age discrimination, retaliation, or future vesting rights. The suspension was upheld on appeal.

On May 26, 2004, Ms. Amb's employment with Winco was terminated. Ms. Amb's termination notice states she was fired for extending unauthorized discounts under Article XV.7 of WinCo's company policy.

II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine issue exists for trial, the non-movant cannot then rest on the pleadings but must respond with evidence setting "forth specific facts showing that there is a

genuine issue for trial." Fed. R. Civ. P. 56(e). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).

III.   DISCUSSION

As previously stated, Ms. Amb asserts claims of age discrimination, retaliation, and wrongful termination against WinCo, and WinCo has moved for summary judgment on each claim.

   A.   Discrimination Claims

To survive summary judgment under the ADEA or Or. Rev. Stat. § 659A.030(1)(a), a plaintiff must first establish a prima facie case of discrimination.[1]  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). This requires a plaintiff to show she was: (1) a member of a protected class; (2) performing her job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications. *Id.* at 891. The requisite degree of proof to establish a prima facie ADEA claim is "minimal and does not even need to rise to the level of a preponderance." *Id.* at 889. Once established, the defendant must rebut the presumption of unlawful discrimination by offering evidence of a legitimate, nondiscriminatory reason for its employment decision. *Id.* The court need not be persuaded by the defendant's proffered reasons. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The employer's asserted legitimate, nondiscriminatory reason shifts the burden back to the plaintiff to show the employer's offered reason was a pretext for discrimination. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). The ultimate burden of persuasion that the employer intentionally discriminated against the plaintiff remains at all times with the plaintiff. *Id.*

---

[1] The standard used to establish a prima facie case of discrimination under Oregon and federal law is identical. *Henderson v. Jantzen, Inc.*, 719 P.2d 1322, 1324 (Or. Ct. App. 1986).

PAGE 3 - OPINION AND ORDER

1.	Prima Facie Case

In the instant case, only the second and fourth elements of a prima facie case for age discrimination are at issue. Regarding the second element, WinCo contends Ms. Amb has not shown she was performing her job well enough to rule out the possibility she was fired for inadequate job performance. The court disagrees. Viewing the facts in the record in light most favorable to Ms. Amb, *Anderson*, 477 U.S. at 255, and understanding Ms. Amb's low burden at this stage, *Wallis*, 26 F.3d at 889, the court finds she was performing her job satisfactorily.

Under the fourth element, WinCo argues Ms. Amb has not established she was replaced by someone younger with equal or inferior qualifications. Again, the court disagrees. Ms. Amb's replacement is ten years younger and was also a bakery manager before becoming a QAC.

Accordingly, the court finds Ms. Amb has met the very low requisite degree of proof to establish a prima facie case of discrimination.

2.	Nondiscriminatory Reason

WinCo asserts it terminated Ms. Amb's employment because she, without management approval, marked down and purchased merchandise, a violation of company policy. Specifically, WinCo alleges it fired Ms. Amb for purchasing yogurt that she admittedly marked down. This assertion sufficiently establishes WinCo's burden. *Burdine*, 450 U.S. at 254 (the court need not be persuaded by the defendant's proffered reasons).

3.	Showing of Pretext

An employee can prove pretext either (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer. *Godwin*, 150 F.3d at 1220. Indirect evidence of pretext must be "specific" and "substantial" in order to create a triable issue as to whether the employer's proffered reasons were not the actual motive because they are inconsistent or unbelievable. *Id.* at 1222. The use of indirect and direct evidence is not exclusive, and a combination of the two may be used to defeat

summary judgment. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000).

Here, the court finds there is sufficient indirect evidence to permit a reasonable trier of fact to conclude WinCo's proffered explanation is not worthy of belief because it is internally inconsistent or otherwise not believable. There is simply no company policy, as WinCo contends, that either prohibits Ms. Amb, as a QAC, from marking down products and then purchasing such products or requires her to seek management approval before marking down products with approaching expiration dates.

Ms. Amb's termination notice states she was fired for extending discounts under Article XV.7 of WinCo's company policy. In its motion, WinCo also cited the following company policy to support its termination decision:

> [t]he intentional undercharging of merchandise below the listed shelf price, the intentional pricing of products below the authorized retail price or below the price offered to the customers at large shall be considered theft.

Company policy further provides "employee or customer discounts are not allowed." While these policies prohibit the intentional undercharging of merchandise, they are in direct conflict with Ms. Amb's job responsibilities and duties as a QAC. Ms. Amb's QAC job description lists that she, as one of her primary job responsibilities, is to determine whether price reduction was feasible in order to clear the shelves of products with nearing expiration dates. In fact, Ms. Amb's termination notice indicates the yogurt she marked down and purchased was "close dated." Neither Ms. Amb's job description nor any company policy cited by WinCo requires Ms. Amb to seek management approval before making such a determination.

Accordingly, WinCo's motion for summary judgment on Ms. Amb's discrimination claims is DENIED.

B.  Retaliation

Oregon law prohibits retaliation against an employee because the employee has taken action to oppose discriminatory employment practices. Or. Rev. Stat. § 659A.030(1)(f). A plaintiff may establish a prima facie case of retaliation under Or. Rev. Stat. § 659A.030(1)(f) by showing: (1) she was engaged in a protected activity; (2) she was subject to an adverse employment action; and (3) there was a causal link between the protected employment activity and the adverse employment action. *See Chase v. Vernam*, 110 P.3d 128, 135-36 (Or. Ct. App. 2005); *see also Harris v. Pameco Corp.*, 12 P.3d 524, 533 (Or. Ct. App. 2000) (a plaintiff seeking to establish a prima facie case of retaliation under Or. Rev. Stat. § 659A.030(1)(f) must establish the same elements as are required under Title VII). To show a causal link, the plaintiff must establish that "in the absence of a discriminatory motive, the employee would have been treated differently." *Hardie v. Legacy Health Sys.*, 6 P.3d 531, 538 (Or. Ct. App. 2000), *partially superseded by statute on other grounds*. In other words, the plaintiff must show the employer would not have made the same decision to terminate her in the absence of the discriminatory motive. The burden-shifting analysis described above for Ms. Amb's discrimination claims under the ADEA and Or. Rev. Stat. § 659A.030(1)(a) also applies to her retaliation claim under Or. Rev. Stat. § 659A.030(1)(f). *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090-94 (9th Cir. 2001) (burden-shifting analysis applies to all claims brought under Or. Rev. Stat. § 659A.030 in a diversity action).

Here, Ms. Amb has failed to establish she engaged in a protected activity. Or. Rev. Stat. § 659A.030(1)(f), provides

> [i]t is unlawful employment practice: [f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so.

In *McPhail v. Milwaukie Lumber Co.*, 999 P.2d 1144, 1151 (Or. Ct. App. 2000), the Oregon Court of Appeals explained Or. Rev. Stat. § 659A.030(1)(f) "prohibits discrimination against an

PAGE 6 - OPINION AND ORDER

employee who has opposed practices that the statute forbids, who has filed a compliant, testified, or assisted in any administrative proceeding to enforce those statutory rights, or who has attempted to do so." *Id.* at 1151; *see also Seitz v. State By and Through Albina Human Resources Ctr*, 788 P.2d 1004, 1010 (Or. Ct. App. 1990) (a plaintiff must show the defendant retaliated because she filed a discrimination complaint). Thus, even construing Ms. Amb's filing of an internal grievance as an administrative proceeding to enforce her rights against age discrimination to be a protected activity, her internal complaint would have to allege the occurrence of illegal discrimination. *See Jamal v. Wilshire Mgmt. Leasing Co.*, 320 F. Supp. 2d 1060, 1078-79 (D. Or. 2004) (as a matter of law, an internal complaint that fails to mention illegal age discrimination is not a protected activity); *see also Hardage v. CBS Broadcasting Inc.*, 427 F.3d 117, 1188 (9th Cir. 2005) (to be a protected activity, the complaint must allege unlawful harassment).

     Here, Ms. Amb's initial internal grievance makes no mention of illegal age discrimination. Her written appeal of the initial grievance process also does not mention age discrimination and states her reason for the grievance as she does not want people to think she is a hostile person. Furthermore, Ms. Amb's testimony that she would take legal action, go through mediation, and go through the process if the committee found her guilty also makes no mention of age discrimination. Simply put, Ms. Amb grieved a discipline issue and not illegal age discrimination prohibited by Or. Rev. Stat. § 659A.030. Ms. Amb's internal grievance therefore is not a protected activity under Or. Rev. Stat. § 659A.030(1)(f). Accordingly, Ms. Amb has not established a prima facie case of retaliation, and the court GRANTS WinCo's motion for summary judgment on Ms. Amb's retaliation claim under Or. Rev. Stat. § 659A.030(1)(f).

     Absent Ms. Amb's showing of a prima facie case of discrimination, it is unnecessary for the court the court to address WinCo's nondiscriminatory reason or plaintiff's showing of pretext. *See Wallis*, 26 F.3d at 889 (only after the plaintiff establishes a prima facie case of discrimination does the burden shift to the defendant to offer a legitimate, nondiscriminatory reason).

### C. Wrongful Discharge

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement. *Simpson v. Graphics Corp.*, 643 P.2d 1276, 1278 (Or. 1982). The tort of wrongful discharge is a narrow exception to this general rule. *Sheets v. Knight*, 779 P.2d 1000, 1006 (Or. 1989), *abrogated on other grounds by Rabkin v. Or. Health Sci. Univ.*, 350 F.3d 967 (9th Cir. 2003). The underlying purpose of the tort is to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998), *abrogated on other grounds by McGanty v. Staudenraus*, 901 P.2d 841 (Or. 1995). The tort has been recognized in two circumstances: (1) discharge for exercising a job-related right of important public interest, i.e. filing a worker's compensation claim or resisting sexual harassment; and (2) discharge for complying with a public duty, i.e., serving on jury duty or reporting patient abuse at a nursing home. *Holien v. Sears, Roebuck & Co.*, 689 P.2d 1292, 1297 (Or. 1984).

In this case, Ms. Amb has failed to allege and has made no showing she was discharged for compliance with any public duty recognized by the constitution, statutes, or case law. Furthermore, Ms. Amb has not alleged any facts to support she was discharged for exercising a job-related right of public interest. To the extent she argues retaliation for grieving age discrimination, her claim must fail. As described above, Ms. Amb never claimed or even referenced age discrimination throughout the internal grievance process.

Accordingly, WinCo's motion for summary judgment (#24) is DENIED IN PART and GRANTED IN PART.

IT IS SO ORDERED.

DATED this   13th   day of November, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court